UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

COREY DEAN HAMILTON,

  Defendant.

Case No. CR05-5761FDB

ORDER DENYING MOTION TO SUPPRESS

This matter came on for hearing December 12, 2005 on Defendant's motion to suppress evidence. Defendant's vehicle had been in an accident on August 9, 2005, having hit the back of a cement truck, and the Washington State Patrol arrived at the scene around 1:00 p.m. The GMC pickup truck was off the roadway, down a slight embankment, had rolled over onto a fence, and the front hood was severely crumpled, the windshield broken, and the canopy torn off. Trooper Moore determined that the truck was not driveable and had to be towed. Defendant Hamilton said he wanted a friend to tow it for him, but since the friend was not a licensed tow truck driver as required, he told Trooper Moore to get the cheapest tow. Trooper Moore informed him that the charge to the WSP would be the same from any of the towing companies. At this point, Trooper Moore stated he had no cause to arrest Hamilton.

ORDER - 1

At about 1:15 p.m., Trooper Moore inquired of dispatch license information and learned that Hamilton was restricted to driving with an "ignition interlock device." Trooper Moore testified that he observed through the truck's window that there was no interlock device on the vehicle. Trooper Moore also testified that he had determined that Hamilton was not the registered owner of the vehicle.

Trooper Moore then began to inventory items within the truck before it was towed. Pursuant to WSP Policy 19.09.010(II)(F)(1), "A vehicle(s) involved in a collision that is not considered drivable shall be impounded if not immediately removed by a responsible party." Since the truck was being impounded because it was not drivable, an inventory of items in the truck was appropriate pursuant to WSP Policy 19.01.010(I)(A)(1)(effective July 1, 2005), which provides as follows: "All vehicles lawfully impounded by the department shall be routinely inventoried. The vehicle owner, if present, is free to reject the protection afforded by the inventory." Testimony showed that Defendant Hamilton was not the truck's owner, and the owner was not at the scene, but was in the Lewis County Jail.

When Trooper Moore began to inventory items in the truck, he was doing what he legally could do under the circumstances then presented. When he found the black leather jacket, and found the pipe and baggies with residue, baggies containing methamphetamine, a pistol, among other items, Trooper Moore signaled to Trooper Weaver to place Hamilton under arrest. At this point, continuation of the search of the truck became a search incident to arrest.

The inventory search first conducted by Trooper Moore was a proper search of a vehicle that could not be driven. It was proper procedure under Washington State Patrol policy for the items in the vehicle to be inventoried prior to the tow truck driver hauling off the vehicle (for liability reasons) where Hamilton was not the vehicle owner and the vehicle owner was not present at the scene to waive the inventory. Defendant's Motion to Suppress must be denied.

NOW, THEREFORE,

ORDER - 2

1     IT IS ORDERED: Defendant Hamilton's Motion to Suppress as to Counts 5, 6, and 7 [Dkt.
2 # 19] is DENIED.

4 DATED this 13th day of December, 2005.

                                        FRANKLIN D. BURGESS
                                        UNITED STATES DISTRICT JUDGE

ORDER - 3